IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00999-MSK

PHIL SMITH and
BETSY KIRSCHBAUM,

       Plaintiffs,

v.

CHRISTIAN E. LOCHER and
SHOOTING STAR, LLC,

       Defendants.

---

**ORDER REMANDING CASE**

---

THIS MATTER comes before the Court *sua sponte*, upon a Notice of Removal (**#1**) of a civil action from a District Court of the State of Colorado, for the County of Mesa. This Court has reviewed the Notice of Removal and all documents referred to in it, including the State Court Complaint.

In the Notice of Removal, the Defendants assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction under § 1332, the Defendants must establish that the amount in controversy exceeds $75,000 and that there is complete diversity between the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332; *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 388 (1998). The existence of all of the requisite facts supporting diversity jurisdiction must appear from the face of the complaint and/or the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). As to the amount in controversy, the State Court Complaint specifies that the dispute

surrounds a $295,000 investment the Plaintiffs made with the Defendants.  This is sufficient to meet the amount in controversy requirement.

As to diversity between the parties, however, the Defendants have not demonstrated sufficient facts from which the Court can conclude that there is complete diversity.  The Notice of Removal provides that both of the Plaintiffs are citizens of Colorado and Defendant Christian Locher is a citizen of Arizona.  As to Defendant Shooting Star, LLC, the Notice of Removal states only that the company is organized under Nevada law and has a principal place of business in Arizona.  These considerations, however, are relevant only for determining the citizenship of corporations and not for limited liability companies.  *See* 28 U.S.C. § 1332(c)(1).  Although the Tenth Circuit has not directly addressed the issue, the broad consensus among the circuits is that a limited liability company is deemed a citizen of the states of each of its members.  *See Hale v. Mastersoft Int'l Pty., Ltd.*, 93 F.Supp.2d 1108, 1112 (D. Colo. 2000); *United States v. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, 2009 U.S. Dist. LEXIS 98666, at *6 (D. Colo. 2009) (unpublished) (listing cases from other circuits addressing the issue); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (noting that diversity jurisdiction in a suit by or against the entity depends on the citizenship of each member).  As neither the Notice of Removal nor the state court complaint specifies the members of Shooting Star or their citizenship, the Defendants have not met their burden of establishing complete diversity.  Accordingly, this Court lacks subject matter jurisdiction based upon 28 U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the District Court from which it was removed.

Dated this 8th day of June, 2010

BY THE COURT:

_____

Marcia S. Krieger

United States District Judge